UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAUDIA MAGALY MORALES,<br><br>Defendant. | Case No.: 20-mj-04939-AHG<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION TO DISMISS OR RESCHEDULE PRELIMINARY HEARING (ECF NO. 22);**<br><br>**(2) GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO EXTEND TIME TO INDICT AND CONTINUE PRELIMINARY HEARING (ECF No. 19); AND**<br><br>**(3) SETTING A STATUS HEARING BY VIDEOCONFERENCE** |

Before the Court are: (1) the Government's Motion to Extend Time to Indict and Continue Preliminary Hearing (ECF No. 19); and (2) Defendant's Motion to Dismiss the Complaint for Failure to Hold a Timely Hearing or, in the Alternative, to Reschedule the Preliminary Hearing to January 11, 2021 (ECF No. 22). Because these motions are interrelated, the Court addresses them together.

## I. BACKGROUND

The United States ("Government") filed a complaint against Claudia Magaly Morales ("Defendant") on November 16, 2020. ECF No. 1. The complaint charges Defendant with violating 21 U.S.C. §§ 952 and 960 by importing 500 grams and more (11.02 kilograms) of a mixture and substance containing a detectable amount of methamphetamine into the United States. *Id.* The Complaint is accompanied by a probable cause statement based on the sworn declaration of Special Agent Alexander Askey. *Id.*

Defendant had an initial appearance on November 16, 2020 before the undersigned. ECF No. 3. At her initial appearance, the Court issued a pretrial release order setting a personal appearance bond at $5,000, to be secured by Defendant's signature and the signature of one financially responsible related adult. *Id.* The Court set Defendant's preliminary hearing for November 24, 2020, at 9:30 a.m. *Id.* At Defendant's request, the Court continued the preliminary hearing to December 10, 2020, at 9:30 a.m. ECF No. 13.

On December 9, 2020, Chief Judge Larry A. Burns issued Chief Judge Order No. 52A ("CJO 52A"), in response to the State of California's statewide Regional Stay at Home Order to address "an unprecedented surge in the level of community spread of COVID-19." CJO 52A at 1. The Court issued the following emergency order as part of CJO 52A:

> 4. ***Except as directed by an individual district judge***, in-person criminal proceedings including sentencings, supervised release revocation hearings, motion hearings, arraignments, plea hearings, misdemeanor bench trials, and ***all proceedings*** under Federal Rule of Criminal Procedure Rule 5.1, are suspended until January 8, 2021. The issuance of criminal complaints and arrest and search warrants may be conducted by reliable electronic means consistent with the Federal Rules of Criminal Procedure 4, 4.1, 9, and 41. Initial appearances and bail and detention hearings may be conducted by videoconferencing with the consent of the defendant.

CJO 52A at 2–3 (emphasis added).

The Court continued Defendant's preliminary hearing *sua sponte* pursuant to CJO 52A on December 9, 2020. ECF No. 17. Defendant's preliminary hearing is currently scheduled for January 12, 2021. *Id.*

## II. SUMMARY OF PARTIES' POSITIONS

On December 17, 2020, the Government filed a Motion to Extend Time to Indict and Continue the Preliminary Hearing, based on CJO 52A and the public health crisis precipitated by the COVID-19 pandemic. ECF No. 19. The Government argues that the restrictions set forth in CJO 52A, specifically the suspension of "all proceedings under Federal Rule of Criminal Procedure 5.1" and "all grand jury proceedings," justify a continuance under the Speedy Trial Act and present extraordinary circumstances such that justice requires a continuance of the preliminary hearing.

Defendant filed an opposition to the Government's motion on December 17, 2020, with a separate motion for a timely preliminary hearing to be held by videoconference. ECF No. 20. Defendant argues that a preliminary hearing cannot be continued over Defendant's objection solely to accommodate the Government's preference to proceed by indictment. Defendant reads CJO 52A to allow preliminary hearings to take place via videoconference, so long as the Defendant consents. Defendant states that she consents to a preliminary hearing by videoconference, and there is no reason to delay that hearing.[1] Defendant consents to an extension of the preliminary hearing to December 17, 2020, but no later.

---

[1] Despite this representation, it is apparent that some delay of the preliminary hearing is necessary because of Defendant's current medical condition. In the Declaration of Defense Counsel accompanying the Opposition, defense counsel acknowledged that Defendant is unable to sign a declaration affirming her consent because she is currently hospitalized "with a severe case of COVID-19." ECF No. 20-1 at ¶ 6. Although Defendant's counsel submitted a further declaration explaining that Defendant could connect to videoconferencing from the hospital without assistance from hospital staff, ECF No. 25-1 at ¶ 6, the Court is skeptical of Defendant's ability to proceed reliably from a hospital bed in her current condition.

Defendant argues that although the global pandemic is an extraordinary circumstance, it has not prevented the use of videoconferencing for court proceedings in criminal cases, and that preliminary hearings can be readily conducted by videoconference. Defendant also argues that the Government has not provided a case-specific reason to support its requested continuance, and that generalized concerns about COVID-19 cannot satisfy the requirements of Rule 5.1 for a continuance over Defendant's objection. Alternatively, Defendant argues that if CJO 52A is read to suspend all proceedings under Rule 5.1, including videoconference proceedings, it is not supported by the requisite findings under Rule 5.1(d) that extraordinary circumstances exist such that justice requires a continuance of Defendant's preliminary hearing.

On December 20, 2020, Defendant filed a motion to dismiss the complaint for failure to hold a timely preliminary hearing, or in the alternative, a motion to reschedule the preliminary hearing to January 11, 2021. ECF No. 22. Relying on *Elms v. United States*, 457 F. Supp. 2d 897 (D. Nev. 2020), Defendant argues that her preliminary hearing cannot be continued over her objection because the Government has failed to present case-specific evidence to support a continuance. Defendant also argues that even if a delay is warranted under CJO 52A, her preliminary hearing should be scheduled on January 11, 2021, the first court day after CJO 52A's suspension of Rule 5.1 proceedings expires.

In opposition to the motion to dismiss, the Government argues that the COVID-19 pandemic presents extraordinary circumstances that warrant continuance of the preliminary hearing. The Government points to decisions from other districts, both during the pandemic and in other emergencies, where courts have found extraordinary circumstances exist. The Government does not directly address whether CJO 52A permits preliminary hearings to be conducted by videoconference in its opposition. Instead, the Government argues that even if Defendant consents to proceed by videoconference, CJO 52A establishes a priority for criminal proceedings in light of limited videoconferencing resources and other pandemic-related considerations that supports a continuance of Defendant's preliminary hearing.

### III.   LEGAL STANDARD

In the normal course, the Government is required to issue an indictment within 30 days following a defendant's arrest under the Speedy Trial Act. 18 U.S.C. § 3161(b). The time to indict is extended by an additional 30 days "when no grand jury has been in session." *Id.* A period of delay that results "from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government" is excluded from the Speedy Trial Act calculation as long as the continuance is based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Deadlines also apply to preliminary hearings under Federal Rule of Criminal Procedure 5.1. According to Rule 5.1(c), a magistrate judge "must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody and no later than 21 days if not in custody." A magistrate judge can extend the time for a preliminary hearing without the Defendant's consent "only on a showing that extraordinary circumstances exist and justice requires the delay." FED. R. CRIM. P. 5.1(d).

18 U.S.C. § 3060 echoes the requirements of Rule 5.1. Section 3060(d) provides further that "an arrested person who has not been accorded the preliminary examination" within the statutory requirements "shall be discharged from custody or from the requirement of bail or any other condition of release, without prejudice, however, to the institution of further criminal proceedings against him upon the charge upon which he was arrested." 18 U.S.C. § 3060(d).

### IV.   DEFENDANT'S MOTION TO DISMISS

**A. CJO 52A Suspends All Preliminary Hearings**

Defendant's motion to dismiss is premised on an incorrect reading of CJO 52A. Although the title of CJO 52A is directed to "suspension of jury trials and other in-person proceedings," paragraph four of CJO 52A specifically suspends "*all* proceedings under

Federal Rule of Criminal 5.1," which includes preliminary hearings. CJO 52A (emphasis added).

Chief Judge Burns entered CJO 52A on December 9, 2020, in response to the State of California's issuance of a statewide Regional Stay at Home Order. The State imposed the Stay at Home Order to stave off the overwhelming surge of community spread of COVID-19 in this region. CJO 52A at 1. Judge Burns found that the "effects of this resurgence in the COVID-19 virus" required the Court to "temporarily reinstate this Court's previously-imposed moratorium on conducting in-person court proceedings." *Id.* These effects include: "(1) restricted access by criminal defense counsel to federal detention facilities in which their clients are being held; (2) increased apprehension on the part of counsel, witnesses, parties, the public, and Court staff of being personally present in the courtroom; and (3) increased difficulty in summoning and empaneling the required number of trial and grand jurors." *Id.* Although the introductory language of CJO 52A speaks to "in-person" proceedings, the specific language of the Court's emergency order suspends "*all* proceedings under Federal Rule of Criminal Procedure 5.1." CJO 52A at 2–3, ¶ 4 (emphasis added). The Court's "previously-imposed moratorium on conducting in-person court proceedings," which CJO 52A temporarily reinstates, also suspended "*all* proceedings under Federal Rule of Criminal Procedure 5.1" for a defined period of time. CJO 18 at 2–3 at ¶ 6 (emphasis added).

Defendant relies principally on *Elms*, a case from the U.S. District Court for the District of Nevada, for her motion to dismiss. But *Elms* is inapt because CJO 52A is materially different from the local district court order that was at issue in *Elms*. In *Elms*, the Government filed a complaint against the defendants after the court issued TGO 2020-05 due to the COVID-19 pandemic. 457 F. Supp. 2d at 900. TGO 2020-05 expressly permitted preliminary hearings to be conducted by videoconference. *Id.* Despite defendants' consent to proceed by videoconference, the magistrate judge ordered that their preliminary hearings be continued. *Id.* Chief Judge Miranda M. Du found that the magistrate judge's order was in error because the magistrate judge did not make any

findings to support a conclusion that justice required delay of the preliminary hearings, particularly when they could be held by videoconference. *Id.* at 901. Judge Du found that "[t]he government should have offered something about the specific people and documents involved in the underlying case, why they were unavailable, or what information they were looking for they lacked access to because of teleworking or conditions created by COVID-19." *Id.*

Importantly, Judge Du distinguished *Elms* from a case pending in this District that continued a preliminary hearing based on CJO 18, the restrictions of which CJO 52A temporarily reinstates, *United States v. Munoz*, No. 20-mj-2238-MDD, 2020 WL 1433400 (S.D. Cal. Mar. 14, 2020). *Elms*, 457 F. Supp. 2d at 903. Judge Du recognized that CJO 18, unlike the District of Nevada's TGO 2020-05, "suspended all proceedings under Federal Rule of Criminal Procedure 5.1." *Id*. at 903. TGO 2020-05, in contrast, allowed preliminary hearings via videoconference with Defendant's consent. *Id.*

In *Elms*, the Government was seeking an exception to TGO 2020-05, which expressly allowed preliminary hearings to proceed by videoconference. The opposite is true here. It is Defendant who seeks an exception to the suspension of preliminary hearings imposed in CJO 52A. Because CJO 52A only allows an exception if "directed by an individual ***district*** judge," the undersigned has no authority to hold a preliminary hearing, by videoconference or otherwise, while CJO 52A is in effect. CJO 52A at 2 ¶ 4 (emphasis added).

### B. CJO 52A Is Supported by Extraordinary Circumstances and the Requirements of Justice.

Defendant argues in the alternative that if CJO 52A suspends preliminary hearings by videoconference, it "did not make findings sufficient to establish that 'extraordinary circumstances' justify delay, and that 'justice requires' a continuance in cases where defendants consent to VTC." ECF No. 20 at 8. The Court disagrees.

The extraordinary circumstances set forth in CJO 52A for suspending preliminary hearings are premised on the State of California's December 3, 2020 statewide Regional Stay at Home Order, as set forth in https://www.gov.ca.gov/wp-

content/uploads/2020/12/12.3.20-Stay-at-Home-Order-ICU-Scenario.pdf, and cited in CJO 52A. The State issued the Regional Stay at Home Order in response to a 112% increase in the daily rate of new COVID-19 infections in the region. *Id.* The State found that "[b]ecause the rate of increase in new cases continues to escalate and threatens to overwhelm the state's hospital system, further aggressive action is necessary to respond to the quickly evolving situation." *Id.* The Stay at Home Order sets stringent restrictions on congregation with persons outside of an individual's household in an effort to slow the community spread of COVID-19. *Id.* The as-yet uncontrolled community spread of COVID-19, as well as the Stay at Home Order, present extraordinary circumstances that support CJO 52A's temporary suspension of Rule 5.1 proceedings. Given these extraordinary circumstances, justice requires and supports the delay in Defendant's preliminary hearing effected by CJO 52A.

This finding is consistent with the limited case law interpreting Rule 5.1. In *United States v. Bagios*, No. 11-6030-RSR, 2011 WL 817856 (S.D. Fla. Mar. 2, 2011), the defendant's preliminary hearing was delayed. *Id.* at *1. The court found that severe weather, as well as the grounding of the United States Marshal's air fleet, met the standard for a Rule 5.1(d) delay of the defendant's preliminary hearing. *Id.* at *5. The court found these to be "the types of extraordinary circumstances" that support continuing a preliminary hearing. *Id.*

In *United States v. Carrillo-Villa*, 451 F. Supp. 3d 257 (S.D.N.Y. Apr. 2, 2020), the court addressed the impact of the COVID-19 pandemic in the context of continuing a preliminary hearing. The Government moved to extend the deadline to indict the defendant and continue the preliminary hearing because of COVID-19. *Id.* at 258. The court relied on *Munoz*, a case from this district that continued a preliminary hearing based on a showing of extraordinary circumstances and CJO 18 (the restrictions of which CJO 52A temporarily reinstates, as discussed above). *Carrillo-Villa*, 451 F. Supp. 3d at 259–60. The court noted that the "same circumstances" set forth in *Munoz* existed in that district, and granted the

motion. *Id.* at 260; *see also United States v. Kane*, No. MJ20-5054-BHS-TLF, 2020 WL 6434792 (W.D. Wash. Jun. 9, 2020) (denying motion to dismiss for lack of indictment).

CJO 52A suspends all preliminary hearings, by videoconference or otherwise, due to the COVID-19 pandemic. This suspension of preliminary hearings is based on the extraordinary circumstances brought on by the COVID-19 pandemic and the current rate of community spread, and justice requires the resulting delay. The Court therefore **DENIES** Defendant's Motion to Dismiss.

The Court **DENIES** Defendant's alternative request to move her preliminary hearing up by one day to January 11, 2021. As set forth in more detail below, the Court finds it more prudent to set a status hearing via videoconference on January 11, 2021, at 9:30 a.m., to receive an update on Defendant's medical condition and confirm that the preliminary hearing can proceed in-person as currently scheduled on January 12, 2021, at 9:30 a.m.

## V. GOVERNMENT'S MOTION TO CONTINUE

Although the preliminary hearing is currently scheduled to occur on the second court day after the expiration of CJO 52A's suspension of Rule 5.1 proceedings, the Government requests that the Court continue the preliminary hearing by an additional week to January 19, 2021. The Government's request relies on CJO 52A and does not provide additional information to support a continuance beyond the parameters of CJO 52A, such as unavailability of witnesses. The Court therefore **DENIES** the Government's motion to continue the preliminary hearing to January 19, 2021.

The Government's request to continue the deadline to indict Defendant under the Speedy Trial Act requires a lesser showing than its request to continue the preliminary hearing. *United States v. Gurary*, 793 F.2d 468, 473 (2d Cir. 1986) ("[C]ontinuance of the time to indict is governed by the somewhat flexible 'ends of justice' standard of section 3161(h)(8)(A), whereas continuance of the time for a preliminary hearing, over defendant's objection, is subject to the far more rigorous criteria of Rule 5(c) that 'extraordinary circumstances' exist and that delay is 'indispensable' to the interests of justice."). A court cannot extend the time to indict merely to accommodate the

Government's preference to proceed by indictment rather than preliminary hearing. *United States v. Fortenberry*, No. 2:14-mj-673-VCF, 2014 WL 6969615, at *2 (D. Nev. Dec. 8, 2014).

The Court disagrees with Defendant that the motion should be denied because it is based on the Government's preference to proceed by indictment. CJO 52A suspends all grand jury proceedings in this district. The extension of eight days requested by the Government reflects the practicalities of being able to bring this case before the grand jury once its proceedings recommence. The Court finds that the ends of justice are served by continuing the time to file an indictment in this matter, and that the need and justifications for that continuance outweigh the interest of the public, of the government, and of criminal defendants in a speedier trial and criminal proceedings. The Court further finds that the period of delay necessitated by these emergency circumstances should be, and is, excluded under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iv). *See Furlow v. United States*, 644 F.2d 764, 769 (9th Cir. 1981) (finding delay caused by volcanic eruption was excludable under the Speedy Trial Act).

The Court therefore **GRANTS** the Government's motion to continue the time to indict to January 19, 2021, and excludes time between December 7, 2020, and January 19, 2021, under the Speedy Trial Act due to the delays caused by the resurgence of COVID-19.

## VI.   CONCLUSION

For the reasons stated above, the Court orders the following:

1. The Court **DENIES** Defendant's motion to dismiss (ECF No. 22);

2. The Court **DENIES** the Government's motion to continue the preliminary hearing to January 19, 2021 (ECF No. 19);

3. The Court **GRANTS** the Government's motion to continue the time to indict to January 19, 2021 (ECF No. 19), and excludes time between December 7, 2020, and January 19, 2021 under the Speedy Trial Act;

    4.      The Court **SETS** a Status Hearing by videoconference on **January 11, 2021** at **9:30 a.m.** before the undersigned. To facilitate the videoconference:

    A.      The Court will use its official Zoom video conferencing account to hold the Status Hearing. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[2] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the Status Hearing.[3] There is a cost-free option for creating a Zoom account.

    B.      Prior to the start of the Status Hearing, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the

---

[2] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[3] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

invitation. All participants will be placed in a waiting room until the Status Hearing begins.

    C.    Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the Status Hearing to ensure that the conference begins promptly at 9:30 a.m.

    D.    No later than **January 6, 2021**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

        i.    The **name and title of each participant**;

        ii.    An **e-mail address for each participant** to receive the Zoom video conference invitation; and

        iii.    A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.

    E.    All participants shall display the same level of professionalism during the Status Hearing and be prepared to devote their full attention to the Status Hearing as if they were attending in person, i.e., cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

5. Defendant's in-person preliminary hearing **remains on calendar** for January 12, 2021 at 9:30 a.m.

**IT IS SO ORDERED**.

Dated: December 30, 2020

*/s/ Allison H. Goddard*
Honorable Allison H. Goddard
United States Magistrate Judge